## Smith v. Kash.

(Decided March 20, 1934.)

O. H. POLLARD for appellant.

GRANNIS BACH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On February 5, 1930, the Hargis Bank & Trust Company of Jackson, Breathitt county, became insolvent, and J. Bryan Smith, special deputy banking commissioner, was appointed liquidating agent. About the same time the banking commissioner appointed W. L. Kash as attorney for the liquidating agent under a contract by which he was to receive a reasonable fee, which was to be credited by cash payments of $100 a month. After Kash had served for 23¾ months, another attorney was appointed in his place. Later on Kash filed in the Breathitt circuit court a motion for an allowance of $2,000 as balance due for his services as attorney for the liquidating agent, and set forth his contract of employment. The liquidating agent filed a special demurrer to the proceeding, and without waiving same asked for a rule against Kash requiring him to file a bill of particulars. The court overruled the special demurrer, but sustained the motion to require a bill of particulars, which was furnished. Thereupon the liquidating agent filed an answer and set-off, denying the value of the services rendered, and pleading that Kash was indebted to the bank on a note for $275 and accrued interest. After hearing the evidence the court rendered judgment in favor of Kash for the full amount of his claim in excess of $2,375, which had been paid him, subject to a set-off of $275, with 6 per cent. interest thereon from September 15, 1929. The special deputy banking commissioner and liquidating agent appeals.

It is first insisted that the special demurrer should have been sustained on the ground that there was no authority for the proceeding. Section 165a-17, Kentucky Statutes, in so far as applicable, reads:

"Whenever the banking commissioner, in person, or by deputy or by state bank examiner, shall take charge of any bank under the provisions of this act, he shall, within thirty days thereafter, file in the office of the clerk of the circuit court of the county in which the bank is located, a detailed statement in the form prescribed in section 165a-10 of this act, of the assets and liabilities of such bank, and thereafter upon the first day of the term of each succeeding session of the circuit court of such county, and every sixty days in counties having circuit courts of continuous sessions, he shall file a report of his acts and doings in the administration of such

bank since his last report; and any person, firm, or corporation may, by petition addressed to the circuit court, have any act of such commissioner reviewed by the court, in the same manner and with the same rights and powers as would have attached had such commissioner been a receiver appointed by the court.''

Inasmuch as the statute requires the liquidating agent to report his acts to the court, and further provides that any person, firm, or corporation may, by petition addressed to the circuit court, have any act of the commissioner reviewed by the court in the same manner and with the same rights and powers as would have attached had such commissioner been a receiver appointed by the court, it is clear, we think, that any person aggrieved by the commissioner's act, or refusal to act, may apply to the court for a review for such action or nonaction. Though Kash proceeded by motion, the motion was in effect a petition, and was properly treated as such by the court. In the circumstances we think the procedure was proper, and that the court did not err in overruling the special demurrer.

Coming to the merits of the case, we find that Kash asked an allowance not only for advice and consultations, but also for his services in bringing numerous suits. It would hardly be fair, we think, to allow an attorney, who is regularly employed, and whose time is largely taken up with the work of a particular client, the same fees that are usually allowed for specific services rendered at different times, and under different employments. After careful consideration of the evidence bearing on the time consumed in advice and consultation, and the character and results of the suits that were brought, we have reached the conclusion that the case is one calling for a regular monthly compensation rather than separate fees for distinct services, as fixed by the circuit court, and that an allowance of $150 a month for 23¾ months is reasonable. As appellee has already been paid at the rate of $100 a month for 23¾ months, or the sum of $2,375, he is entitled to an additional allowance of $50 a month for 23¾ months or the sum of $1,187.50, subject to a credit of $275, with 6 per cent. interest from September 15, 1929.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.